IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MARCUS ANTHONY MILLER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 14 C 6270 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| SHERIFF THOMAS J. DART, COOK COUNTY, ILLINOIS, SALOMON MARTINEZ, MARIO REYES, ARDELL HALL, JOSEPH BROWN, JOHN DOE I, JOHN DOE II, and JOHN DOE III, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues defendants for their alleged violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("Rehab Act"), and the First and Fourteenth Amendments and for replevin/conversion. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the constitutional and replevin/conversion claims (Counts III-V). For the reasons set forth below, the Court grants in part and denies in part the motion.

**Facts**

Since March 1, 2014, plaintiff has been a pretrial detainee at Cook County Jail. (Compl. ¶ 5.) He has a paralyzed left leg and, because of a gum disorder, virtually no teeth. (*Id.* ¶¶ 2-3.) He uses a cane and a leg brace to stand and walk and a full set of bottom dentures and a partial set of top dentures to chew. (*Id.* ¶¶ 3, 21.) Plaintiff is also a practicing Muslim. (*Id.* ¶ 4.)

Because of his physical condition, plaintiff is unable to shower without a shower chair. (*Id.* ¶ 22.) When he first entered the Jail, plaintiff was housed in Division 2, which has handicapped-

accessible showers. (*Id.* ¶¶ 5, 25, 33.) He stayed in Division 2 until sometime in June 2014, when he was transferred to Division 10, which does not have accessible showers. (*Id.* ¶¶ 15, 33.) He remained in Division 10, where he was unable to shower at all, until August 21, 2014, when he was transferred to Division 8. (*Id.* ¶¶ 15, 27, 32.) Division 8 also does not have accessible showers, but plaintiff was able to shower there by sitting on "[a] concrete slab that encroaches on much of the floor space of the shower." (*Id.* ¶¶ 27, 32.) As a result of sitting on the slab, plaintiff developed a skin rash that requires medical treatment. (*Id.* ¶ 27.)

During the summer of 2014, plaintiff told defendants Martinez, Reyes, Hall, and Brown that he needed a shower chair or to be transferred back to a division with accessible showers and submitted written grievances to that effect, but his requests were ignored. (*Id.* ¶¶ 33-34.)

In October 2014, plaintiff received a shower chair, but it does not fit in the Division 8 shower. (*Id.* ¶ 35.)

## **Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In Count III, plaintiff seeks to recover under 42 U.S.C. § 1983 for Martinez, Reyes, Brown, and Hall's violation of his Fourteenth Amendment rights. Because this claim arises from the same facts as his claims under the ADA and Rehab Act, statutes that have comprehensive remedial

schemes but do not impose individual liability, defendants argue that plaintiff should not be allowed to seek relief for the same alleged conduct under § 1983. The Court disagrees. Plaintiff is not seeking to enforce the ADA or Rehab Act through § 1983, the propriety of which some courts have questioned. *See, e.g.*, *McMorris v. City of Chi.*, No. 11 C 6117, 2012 WL 4793506, at *2 (N.D. Ill. Oct. 9, 2012); *Torrence v. Advanced Home Care, Inc.*, No. 08 C 2821, 2009 WL 1444448, at *7 (N.D. Ill. May 21, 2009). Rather, he is seeking redress for defendants' alleged deliberate indifference to his need for a shower chair. Defendants have not identified, and the Court has not found, a case in which a claim of this nature was held not to be cognizable under § 1983. Accordingly, the Court rejects this argument.

Alternatively, defendants argue that plaintiff's Fourteenth Amendment allegations are lacking. To state a viable claim, plaintiff must allege that: (1) his inability to shower was "sufficiently serious" that defendants' failure to address it denied him "the minimal civilized measure of life's necessities"; and (2) defendants were deliberately indifferent to plaintiff's need. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quotations omitted).[1] Plaintiff alleges that he was unable to shower at all from sometime in June 2014 until August 21, 2014 and since then has only been able to shower by sitting on a concrete slab that gives him a skin rash serious enough to warrant medical attention. He also alleges that he told Martinez, Reyes, Hall, and Brown about the issue, both orally and by written grievance, but they did not give him a shower chair (and a useless one at that) until

---

[1]As a pretrial detainee, plaintiff's rights are governed by the Fourteenth, not the Eighth, Amendment. *Higgins v. Corr. Med. Servs. of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir. 1999). However, the same analysis applies to conditions of confinement claims under both Amendments. *Id.*

3

late October 2014. These allegations are sufficient to state a claim of deliberate indifference. Therefore, defendants' motion to dismiss Count III is denied.

In Count IV, plaintiff alleges that defendants Martinez, Reyes, Hall, and Brown violated his First Amendment right to religious freedom, a claim that requires him to allege that their actions "infringe[d] on [his] exercise of his religion" and were not "reasonably related to a legitimate penological objective." *Tarpley v. Allen Cnty., Ind.*, 312 F.3d 895, 898 (7th Cir. 2002). The infringements plaintiff alleges are that defendants refused to give him a Quran, allow him to attend Muslim services, or provide him with Halal food. The Seventh Circuit has held, however, that "a prisoner's religious dietary practice is substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition," *Nelson v. Miller*, 570 F.3d 868, 879 (7th Cir. 2009), an allegation plaintiff does not make. Moreover, plaintiff admits that he could have purchased a Quran at the commissary and was permitted to pray in his cell (Compl. ¶¶ 44, 47), allegations that suggest the Jail is making the constitutionally-required "reasonable efforts to afford [plaintiff] an opportunity to practice [his] faith." *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994) (quotation omitted). Further, plaintiff does not assert these alleged infringements were not reasonably related to "a legitimate penological objective." *Tarpley*, 312 F.3d at 898. Accordingly, Count IV does not state a viable First Amendment claim.

In Count V, plaintiff asserts a claim for replevin/conversion against Sheriff Dart, two John Doe corrections officers, and a John Doe inmate based on the John Does' loss of plaintiff's dentures when they moved his belongings from Division 10 to Division 8. Dart contends that the Tort Immunity Act immunizes him from liability on this claim. For purposes of the statute, a "public employee" is "a present or former officer . . . , agent, . . . or employee" of a "local public entity," a

term that includes counties and "all other local government bodies." *See* 745 Ill. Comp. Stat. 10/1-202, 1-206, 1-207. Thus, the Office of the Sheriff, which is what plaintiff sues here, is a local public entity within the meaning of the Tort Immunity Act. *See id.*; *see also Carver v. Sheriff of La Salle Cnty.*, 787 N.E.2d 127, 138 (Ill. 2003).

Moreover, defendants are correct that, under the Tort Immunity Act, the Sheriff's Office "is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 Ill. Comp. Stat. 10/2-109. At this early stage however, it is impossible to determine whether Sheriff's Office employees John Does I and II are liable on Count V. Until that determination is made, section 2-109 of the Tort Immunity Act provides no basis for dismissing the Sheriff from Count V.

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss [23]. The motion is granted with respect to Count IV, which is dismissed without prejudice, but is otherwise denied. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend Count IV. If he fails to do so, that count will be dismissed with prejudice.

**SO ORDERED.**                                **ENTERED:  April 10, 2015**

_____
**HON. JORGE ALONSO
United States District Judge**